UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CRAIG WALKER SMITH,              )
                                 )
    *Plaintiff*                  )
                                 )
v.                               )    No. 2:13-cv-66-JAW
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social Security, )
                                 )
    *Defendant*                  )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal raises three issues: whether the administrative law judge correctly addressed limitations in social functioning, whether he properly weighed the disability determination of another agency, and whether he erred in giving special weight to the testimony of a medical expert. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for purposes of SSD only through June 30, 2008, Finding 1, Record at 20; that he suffered from a psychotic disorder, not otherwise specified, an impairment that was severe but which did not meet or

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 11, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 20-21; that he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, and that he could understand, remember, and carry out simple instructions, could use judgment in making simple work-related decisions, could respond appropriately to coworkers, supervisors, and usual work situations, and could adapt to changes in the ordinary work setting, Finding 5, *id*. at 22; that he was unable to perform any past relevant work, Finding 6, *id*. at 26; that, given his age (38 on the date last insured, June 30, 2008), at least a high school education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy before the date last insured that the plaintiff could have performed, Findings 7-10, *id*. at 26-27; and that, as a result, he had not been disabled, as that term is defined in the Social Security Act, at any time through the date last insured, Finding 11, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Moderate Limitation

The plaintiff contends that the RFC assigned to the plaintiff by the administrative law judge does not account for the moderate limitation he found on social functioning. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (ECF No. 9) at 2-3. The administrative law judge wrote, in this regard:

> The [plaintiff] has *moderate* difficulties maintaining social functioning. Although the [plaintiff] testified to marked impairment with respect to his social functioning, the evidence of record indicates that he has maintained a relationship with his fiancé for the past seven years and

> maintains contact with his sisters (Exhibit 5F, p. 38). Moreover, treatment records do not reflect a level of antisocial behavior consistent with marked impairment. The evidence of record supports some level of impairment with respect to his social functioning; however, not to the extent alleged.

Record at 21 (emphasis in original)

The plaintiff asserts that the RFC assigned to him by the administrative law judge "contains no limitations on social functioning whatsoever," Itemized Statement at 2, and is therefore "internally inconsistent." Itemized Statement at 2-3. He contends that the decision in *Leighton v. Astrue*, No. 07-142-B-W, 2008 WL 2593789 (D. Me. June 30, 2008), requires remand here. *Id*. at 3. I disagree.

In *Leighton*, the administrative law judge found that the claimant could, *inter alia*, "make simple work-related decision, occasionally, but incidentally, have contact with the public, tolerate occasional routine supervision, interact occasionally with up to 10 coworkers, adapt to occasional work changes, and maintain a goal-oriented pace[.]" *Id*. at *1. I concluded that the mental limitations listed there "do not include the moderate difficulties in maintaining social functioning and concentration, persistence or pace" that the administrative law judge had found to exist and that "[t]he limitations on contact with the public, routine supervision, interaction with coworkers, and work changes and pace are not consistent with those moderate difficulties." *Id*. at 4. There are fewer restrictions in the RFC in this case, and they can only be tied to a moderate limitation in social functioning, as that is the only mental limitation acknowledged by the administrative law judge.

In this case, the administrative law judge asked the medical expert at hearing whether the plaintiff, with moderate difficulties in social functioning, could "[r]espond appropriately to coworkers, supervisors and usual work situations," and the medical expert responded in the

affirmative. Record at 60. The same is true of the plaintiff's ability to adapt to changes in the ordinary work setting. *Id*. The administrative law judge adopted both of these responses in his RFC. This testimony takes the issue beyond the *Leighton* case and into the realm of *Arsenault v. Astrue*, Civil No. 08-269-P-H, 2009 WL 1609033, at *3 (D. Me. June 8, 2009) (*aff'd* July 28, 2009; ECF No. 18). In that case, the existence in the record of the opinion of a reviewing psychologist that took into account the moderate mental limitation at issue and that supported the administrative law judge's RFC was sufficient to uphold the commissioner's decision. The same result should obtain in this case, where, as in *Arsenault*, the administrative law judge found that the plaintiff could perform unskilled work. Record at 27. *See also Hayes v. Astrue*, No. 2:10-cv-42-DBH, 2010 WL 5348757, at *2-*3 (D. Me. Dec. 20, 2010) (*aff'd* January 18, 2011, ECF No. 25).

## B. VA Determination of Disability

The plaintiff next contends that the administrative law judge wrongly "gives the VA decisions no weight, and provides no rationale other than the boilerplate . . . for rejecting them." Itemized Statement at 3-5. The Veterans' Administration "found Plaintiff unemployable since the onset date of February 22, 2003[.]" *Id*. at 3. In this regard, the administrative law judge said:

> The undersigned has considered the Department of Veterans Affairs' Rating Decisions dated December 16, 2004, and April 25, 2009. However, the undersigned attributes limited weight to these decisions, as they are based upon a different disability standard. Moreover, these decisions do not discuss the claimant's functional limitations, assess his residual functional capacity, or cite to specific objective medical findings supporting these decisions. Finally, the undersigned notes that the April 25, 2009, decision is beyond the claimant's date last insured.

Record at 26.

The plaintiff asserts that his court's decision in *Flannery v. Barnhart*, No. 06-37-B-W, 2006 WL 2827656 (D. Me. Sept. 29, 2006), requires that this case be remanded on this issue. Itemized Statement at 4. Again, I disagree.

Only a portion of the administrative law judge's rationale as quoted above appears in *Flannery*, where the opinion stated only that "[a]s pointed out to Mr. Flannery at the hearing, the disability evaluation process used by the Social Security Administration differs from that employed by the Veterans Administration." 2006 WL 2827656, at *2. In this case, the plaintiff cites no authority for his characterization of the two sentences following a reference to the differing standard as "boilerplate." The opinion neither "fail[s] to accord some weight" to the VA's disability determination nor makes only "a passing reference to" that finding or "a perfunctory rejection of it[,]" the two treatments found insufficient in *Flannery*. In addition, both of the state-agency reviewing psychologists took the underlying VA records into account in drawing conclusions that support the administrative law judge's decision in this case. Record at 338, 342, 468. While brief, the administrative law judge's statement is sufficient under *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *4 (D. Me. July 7, 2011).

The plaintiff is not entitled to remand on this basis.

### C. Medical Expert's Testimony

The plaintiff's final challenge is to the administrative law judge's decision to give the testimony of Carol Kabacoff, Psy.D., who testified at the hearing, "special weight." Itemized Statement at 5-7. Specifically, the plaintiff asserts that "this weight is misplaced because Dr. Kabacoff's testimony was inconsistent and contradictory, and the ALJ refused to allow cross examination regarding these inconsistencies. The ALJ also improperly led the witness." *Id*. at 5.

6

He cites no authority for the proposition that leading of a witness by the administrative law judge at hearing entitles a claimant to remand.

In any event, I agree with the defendant, Defendant's Opposition to Plaintiff's Itemized Statement of Errors (ECF No. 10) at 12, that the administrative law judge was not leading the medical expert. The plaintiff identifies only one instance of alleged leading: "suggesting that ability to sustain work was 'implicit' in her previous testimony (which it was not)[.]" *Id*. at 7. The expert had testified in response to a question from the plaintiff's attorney that "[t]here are indications that he might have difficulty with that amount of sustained work'" referring to 'do[ing] all those things without problem over an eight hour day, 40-hour workweek on a sustained basis." Record at 61. She agreed with counsel that the plaintiff "would be able, in that period,[2] to sustain a regular 40-hour, 40-hour week and a sustained basis." *Id*.

Because this testimony appeared to be inconsistent with the expert's immediately preceding testimony to the effect that the plaintiff could understand, remember, and carry out simple instructions; use judgment in making simple work-related decisions; respond appropriately to coworkers, supervisors, and usual work situations, and adapt to changes in the ordinary work setting, *id*. at 60, the administrative law judge understandably sought clarification, asking the expert whether the plaintiff could do these things "on a sustained competitive basis." *Id*. at 62. When the expert responded that the plaintiff could do that in blocks of "for instance three or four hours," which again reasonably caused the administrative law judge to ask about breaks every two hours, which are considered normal parts of the work day in Social Security law. *Baker v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00167-JAW, 2011 WL 1298694, at *4-

---

[2] It is not clear from the transcript to what period the attorney and the expert referred; it may be February 2003 through June 2008. Record at 59.

\*6 (D. Me. Mar. 31, 2011). These follow-up questions do not constitute leading the expert witness.

As thus clarified, the medical expert's testimony was neither inconsistent nor contradictory.

The plaintiff asserts in conclusory fashion that the administrative law judge "improperly cut off" her attorney's "line of questioning" about the allegedly inconsistent testimony, citing pages 64 through 65 of the record. Itemized Statement at 6. Beginning on page 63 of the record, the administrative law judge interjected, after a question was posed to the medical expert by the plaintiff's attorney, that the expert had already answered that question, and "[d]o you expect a different answer?" The attorney responded that "I'm just asking her to reconsider it, I guess." At that point, the administrative law judge asked the attorney to identify a "particular piece of evidence that you want her to consider that might support" a different conclusion on her part. Record at 63-64. The attorney mentioned the plaintiff's volunteer work and going to school, as well as the VA's disability conclusion. *Id*. at 64.

The administrative law judge did not ask the medical expert to address the specific issues mentioned by the attorney. *Id*. at 65. Even if this was error, the plaintiff has failed to demonstrate that it was other than harmless. There was other evidence in the record supporting the conclusion that the plaintiff could work on a regular basis. Record at 342, 468. The administrative law judge specifically gave "significant weight" to Dr. Stahl's conclusion,[3] *id*. at 26.

---

[3] Dr. Stahl's RFC conclusion was the following:
>A. He is able to understand and remember simple instructions and tasks. His ability to handle more complex info[rm]ation may be variable and limited due to psychiatric symptoms. Generally oriented, memory intact, able to en[j]oy, comprehend books and internet sources. Evaluated as "bright" for intelligence.

8

Accordingly, any error in foreclosing further questioning of the medical expert by the plaintiff's attorney was harmless.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of December, 2013.

> /s/ John H. Rich III
> John H. Rich III
> United States Magistrate Judge

---

> B. He is able to work in 2 hour blocks performing simple tasks over the course of a normal workday. He was able to enjoy, comprehend, and discuss information learned from reading and internet sources.
> C. He would not be able to work with the public due to psychiatric symptoms but could have worked in a small setting with coworkers and supervisors. He may have done better at an isolated workstation performing simple tasks. He was able to work with health care providers during the time period evaluated.
> D. He could adapt to simple changes. He sought out treatment when there were changes in his mental health condition.

Record at 342.